Mr. Chief Justice Sharkey
delivered the opinion of the court.
It seems that the note on which this suit was brought was given for two slaves, purchased by the plaintiffs in error, at a sale made by the defendants in error, as the administrators of May. At the time of sale it was proclaimed that the slaves were subject to judgment liens, and the administrators offered and agreed that in case they should be seized under the judgments, then the sale should be considered as void, and the notes of the purchaser given up. With this understanding the sale proceeded, and the slaves brought their full value.
The defendants below pleaded non assumpsit, and a special plea, that the negroes had been seized and sold under a judgment rendered in the United States court against May, the intestate, in his lifetime, whereby the consideration had failed. Issue was taken, and on the trial the defendants offered in evidence a judgment rendered prior to the sale, against Cunningham and Mrs. May, as administrator and administratrix, since the death of May. This was properly ruled out under the special plea, as it did not agree with the allegation therein, that the negroes were seized by the marshal, under an execution on a judgment rendered against May in his lifetime.
The defendants then offered a witness to prove what had transpired at the sale, and that the consideration of the note had failed by a sale of the negroes under judgments; but this testimony was also ruled out, and the defendants excepted. They also applied for a new trial, and excepted to the overruling of their motion.
These two questions are presented: Did the agreement of the administrators, made at the time of sale, before the property was struck off, constitute a good defence to the action ? And if so, was it admissible under the general issue? We do not *365 hesitate in giving an affirmative answer to both these questions. If the property was sold under execution for a debt of the estate, then the estate is not prejudiced by admitting the defence, for it has already received the benefit of the property. That an administrator may bind himself personally, in a sale of property, either real or personal, by a covenant framed for that purpose, cannot be questioned. This point was settled in the case of Sumner v. Williams, 8 Mass. R. 162, and the rule applied to this case decides it. The administrators, when they made the sale, agreed that if the property should be sold under the judgment liens, the existence of which they admitted, then the sale should be rescinded, and the notes of the purchaser delivered up. This agreement constituted part of the terms of sale ; it was a verbal covenant, as binding on them as though it had - been given in writing. Let us suppose they had made a written covenant to that effect; they would have been bound on it for damages in an action on the covenant. An administrator has such an interest coupled with his power, as to make his contracts binding. If the purchaser could have maintained an action for the breach of such a covenant, his defence to an executory contract may be placed upon the same footing, on the verbal agreement of the administrator, as he must be supposed to have agreed to give the value of the property only on the strength of the agreement. This is especially the case when the parties sue, not as administrators, but as individuals in their own right, as they have done in this instance. A failure of consideration is shown, in connection with their promise that on the happening of such an event the notes should be delivered up. The contingency had occurred which it was agreed should put an end to thebontract; it therefore extinguished all liability. Of course such a defence is proper under the general issue; and the judgment, and the levy and sale under it, constituted proper evidence to support the defence under this plea.
But it is urged that as the defendants below had given a note, they could not, by parol testimony, vary the written agreement. This rule of law has never been carried so far as to *366 defeat the right to prove a failure of consideration. In such cases it has no application. We think, therefore, that the evidence was improperly ruled out, for which error the judgment must be reversed, and the cause remanded.